IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| EDDIE A. COLE | § | |
| VS. | § | CIVIL ACTION NO. 2:20cv214 |
| HARRISON COUNTY, ET AL. | § | |

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Plaintiff Eddie A. Cole, a former inmate confined within the Harrison County Jail proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The cause of action was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

## I. Cole's Amended Complaint

In his complaint, (Dkt. #7), Cole states that the jail psychiatrist attempted to murder him through pricks "like a needle" and sedation despite his screams. Defendant Javorski, Parole Officer, was present and therefore was an "a[ccessory] to attempted murder." Further, a psychiatrist "taped" a sheriff deputy's left shoulder to "turn off camera" and placed his index finger on "his lips for everyone to be silent"—and then injected him.

Cole also asserts that he collected a "bright yellow & silver wavey lined plastic aluminum geillement [sic]" that held the sedative with seven plastic strips. He was then arrested at the jail during intake when "they took them." He maintains that Defendant Javorski was present during the illegal search and molestation of his person. His former lawyer is involved with the psychiatrist but will not give him his address. Cole continues by recounting an incident that appears tied to his

1

arrest and transport to jail. Cole seeks compensation of his pain and suffering as well as his wrongful imprisonment.

## II. Legal Standards

Under 28 U.S.C. § 1915A, a court shall review any complaint in a civil action wherein a prisoner seeks redress from a governmental entity or officer, or employee of a governmental entity. During its review, the court must identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr Cnty., Tex.*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v, FedEx Ground*

2

*Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged.  *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This plausibility standard is **not** akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully.  *Twombly*, 550 U.S. at 556 (emphasis supplied).

Although all well-pleaded facts are taken as true, the district court need not accept true conclusory allegations, unwarranted factual inferences, or legal conclusions.  *See Whatley v. Coffin*, 496 F. App'x 414, (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).  Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement.  *Id*.

**III. Discussion and Analysis**

As an initial matter, jail records indicate that Cole was released from imprisonment at the Harrison County Jail on January 20, 2023. To date, Cole has not provided this Court with an updated mailing address. A Plaintiff has an ongoing obligation and responsibility to inform the Court of his whereabouts through a current mailing address.  This requirement is memorialized in the Eastern District of Texas Local Rule CV-11(d): "A *pro se* litigant must provide the court

with a physical address (i.e., a post office box is not acceptable) and is responsible for keeping the clerk advised in writing of his or her current physical address."

At the bottom of Cole's complaint, (Dkt, #7, pg. 5), which he signed under penalty of perjury, it states "I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and the failure to do so may result in the dismissal of this lawsuit." A warning about the failure to supply an address is also outlined on the second page of the form in bold. Nonetheless, despite warnings in the complaint, Cole has not supplied the Court with an updated mailing address.

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant."). The district court has both specific and inherent power to control its own docket "to control the disposition of the causes on its docket with economy of time." *See U.S. v Colomb*, 419 F.3d 292, 299 (5th Cir. 2005); *see also Miller v. Thaler*, 434 F. App'x 420, 421 (5th Cir. 2011) (unpublished).

Here, Cole failed to file a notice of a change of address, which is required. *See Martinez-Reyes v. United States*, 2016 WL 8740494 *4 (S.D. Tex.—McAllen, Oct. 10, 2016) (explaining that, generally, "litigants, including prisoners, bear the burden of filing notice of a change of address in such a way that will bring attention of the court to address change.") (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999)). Cole's failure to submit an updated mailing address evinces his failure to prosecute his own case—and his lawsuit can be dismissed for that reason alone.

Nonetheless, Cole's amended complaint suffers a fundamental flaw: it is factually frivolous. The Court of Appeals for the Fifth Circuit has held that a finding of factual frivolity is appropriate wherein the facts alleged arise to the level of the irrational or wholly incredible. *See Ancar v. Sara Plasma*, Inc., 964 F.2d 465, 468 (5th Cir. 1992) ("Examples of complaints within the clearly baseless category are those which describe fanciful, fantastic, or delusional scenarios."); *see also Vinson v. Tex. Bd. of Corr.*, 901 F.2d 474, 475 (5th Cir. 1990) (cataloging the list of nonsensical claims).

A district court is not obligated to wade through a morass of potentially irrational claims in search of potential causes of actions which could possibly contain merit. *See Windsor v. Dep't of Corr.*, 9 F. App'x 967, 970-71 (10th Cir. 2001); *Hernandez v. Spencer*, 780 F.2d 504, 506 (5th Cir. 1986) (explaining that a trial judge has no obligation to "pick through such a mass of ambiguous matter, sorting out one type of claim from the other, and in effect acting as counsel for the *pro se* litigant in tailoring his claims, some for disposition, some for abeyance or dismissal.").

Here, Cole's amended complaint lacks an arguable basis in fact and should be dismissed as frivolous. He states that multiple Defendants—including a psychiatrist—committed attempted murder through injecting him with several sedatives inside a "bright yellow & silver wavey lined plastic aluminum" contraption. He further notes that a psychiatrist tapped a deputy's left shoulder and placed his index finger on his lips to be silent. He describes the psychiatrist as "Dr. Quack Jackel" and "Dr. Quack Hyde," who resembles Elmer Fudd with steam vaping from his face. Cole's allegations are factually irrational and wholly incredible. *See Johnson v. D.E.A.*, 137 F. App'x 680 (5th Cir. 2005) (claim that the Drug Enforcement Administration implanted a transmitter in his scalp, causing him to be "aggressively sought after for purposes of sexual reasons by many famous individuals" dismissed as "fanciful, fantastic, and delusional."); *Searight v. State*

*of New Jersey*, 412 F.Supp. 413 (D.C.N.J. 1976) (prisoner alleged that the defendants unlawfully injected him with a radium beam, so someone talks to him inside of his brain). His lawsuit should be dismissed.

## RECOMMENDATION

Accordingly, it is recommended Plaintiff Cole's civil rights lawsuit be dismissed, with prejudice, as factually frivolous under 28 U.S.C. § 1915A. Alternatively, his lawsuit should be dismissed for the failure to prosecute his own case.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 30th day of May, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE